FILED

1   2007 Dec-12  AM 07:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


UNITED STATES OF AMERICA,          2:06-CR-126-LSC

          PLAINTIFF,               AUGUST 10, 2006

          V.                       BIRMINGHAM, AL

SHMUEL ZEV JURAVEL,

          DEFENDANT.

* * * * * * * * * * * *

TRANSCRIPT OF GUILTY PLEA
BEFORE THE HONORABLE L. SCOTT COOGLER,
UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE UNITED STATES:

JOHN H. ENGLAND, III, AUSA
BIRMINGHAM, ALABAMA

FOR THE DEFENDANT:

JAMES R. STURDIVANT
BIRMINGHAM, ALABAMA

COURT REPORTER:

LINDY M. FULLER, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER
1729 FIFTH AVENUE NORTH, SUITE 325
BIRMINGHAM, ALABAMA  35203

```
 1              P R O C E E D I N G S

 2           (IN OPEN COURT, 3:35 P.M.)

 3         THE COURT:  THIS IS UNITED STATES OF AMERICA

 4  VERSUS SHMUEL JURAVEL, CASE NUMBER 06-126.  WE ARE HERE

 5  FOR THE PURPOSE OF ALLOWING THE DEFENDANT TO ENTER A PLEA

 6  OF GUILTY IF THAT'S WHAT HE DECIDES TO DO AFTER WE GO OVER

 7  SOME THINGS.

 8         IS THE GOVERNMENT READY TO PROCEED?

 9         MR. ENGLAND:  THE GOVERNMENT IS READY, YOUR

10  HONOR.

11         THE COURT:  DEFENSE READY TO PROCEED?

12         MR. STURDIVANT:  WE ARE, YOUR HONOR.

13              (BRIEF PAUSE)

14         THE COURT:  LET'S BRING YOUR CLIENT UP HERE TO

15  THE PODIUM FOR ME, PLEASE.

16         MR. JURAVEL, I AM GOING TO BE TALKING TO YOU THIS

17  AFTERNOON AND I AM GOING TO BE ASKING YOU SOME QUESTIONS.

18  I SET THIS OCCASION AS AN OPPORTUNITY FOR YOU TO PLEAD

19  GUILTY, IF THAT'S WHAT YOU WANTED TO DO.  BUT BEFORE I

20  ALLOW YOU TO DO THAT, I HAVE GOT TO KNOW THAT YOU

21  UNDERSTAND WHAT YOU ARE DOING, THAT YOU UNDERSTAND THE

22  RAMIFICATIONS AND RISKS AND THAT YOU UNDERSTAND THE RIGHTS

23  THAT YOU HAVE AND VARIOUS THINGS LIKE THAT.  I ALSO HAVE

24  TO MAKE SURE THAT THERE IS A FACTUAL BASIS TO SUPPORT THE

25  GUILTY PLEA.  I WILL BE ASKING YOU QUESTIONS PARTLY TO
```

1  DETERMINE THAT, DETERMINE WHETHER YOU UNDERSTAND THOSE

2  THINGS AND STUFF LIKE THAT.  I WILL ALSO BE RECEIVING

3  INFORMATION FROM YOU NOT IN RESPONSE TO MY QUESTIONS BUT

4  JUST MAYBE SOME STATEMENTS THAT YOU MAKE OR YOUR ATTORNEY

5  MIGHT ASK YOU QUESTIONS AND THAT TYPE THING.  SO IT'S

6  IMPORTANT THAT ANYTHING THAT YOU PROVIDE TO ME, ANYTHING

7  YOU SAY, ANYTHING THAT YOU RESPOND TO ME IN THE FORM OF AN

8  ANSWER TO A QUESTION BE COMPLETELY TRUTHFUL AND HONEST.

9           YOU WILL BE PLACED UNDER OATH AND IF YOU FAIL TO

10 PROVIDE ME FULL, COMPLETE AND HONEST RESPONSES TO THE

11 QUESTION AS WELL AS ANY INFORMATION YOU PROVIDE TO ME, YOU

12 COULD BE CHARGED WITH THE ADDITIONAL OFFENSE OF PERJURY.

13 DO YOU UNDERSTAND THAT?

14           THE DEFENDANT:  YES, SIR.

15           THE COURT:  PLACE HIM UNDER OATH.

16                    (DEFENDANT SWORN.)

17           THE COURT:  TELL ME YOUR FULL NAME, PLEASE?

18           THE DEFENDANT:  SHMUEL ZEV JURAVEL.

19           THE COURT:  WHAT IS YOUR DATE OF BIRTH?

20           THE DEFENDANT:  AUGUST 19, 1976.

21           THE COURT:  TELL ME, AND I AM NOT ASKING YOU

22 WHERE YOU WENT TO SCHOOL LIKE HIGH SCHOOL OR WHAT NOT, BUT

23 JUST HOW FAR DID YOU GO IN VARIOUS SCHOOLS?

24           THE DEFENDANT:  I DID SOME COLLEGE.  I NEVER

25 GRADUATED COLLEGE.

1          THE COURT:  SO YOU CAN READ, SPEAK AND UNDERSTAND

2  THE ENGLISH LANGUAGE?

3          THE DEFENDANT:  YES, SIR.

4          THE COURT:  YOU HAVE ENCOUNTERED VARIOUS FORMS

5  WITH YOUR ATTORNEY AND PROBABLY SOME WITHOUT YOUR

6  ATTORNEY.  WERE YOU ABLE TO READ THOSE FORMS?

7          THE DEFENDANT:  YES, SIR.

8          THE COURT:  WERE YOU ABLE TO UNDERSTAND THE

9  INFORMATION PROVIDED TO YOU IN THOSE FORMS?

10          THE DEFENDANT:  YES, SIR.

11          THE COURT:  FOR INSTANCE, THERE IS A DOCUMENT

12  THAT'S CALLED A GUILTY PLEA ADVICE OF RIGHTS

13  CERTIFICATION.  I AM HOLDING IT UP.  YOU SHOULD HAVE A

14  COPY THERE.

15          THE DEFENDANT:  YES, SIR.

16          THE COURT:  OKAY.  IT APPEARS TO HAVE YOUR

17  SIGNATURE ON THE LAST PAGE WHERE IT SAYS DEFENDANT.  IS

18  THAT YOUR SIGNATURE?

19          THE DEFENDANT:  YES, SIR.

20          THE COURT:  DID YOU READ THIS DOCUMENT BEFORE YOU

21  SIGNED IT?

22          THE DEFENDANT:  YES, SIR.

23          THE COURT:  DID YOUR LAWYER GO OVER THIS DOCUMENT

24  WITH YOU AS WELL BEFORE YOU SIGNED IT?

25          THE DEFENDANT:  YES, SIR.

1          THE COURT:  THIS DOCUMENT BASICALLY EXPLAINS YOUR

2  RIGHTS.  WERE YOU ABLE TO UNDERSTAND THE RIGHTS THAT WERE

3  EXPLAINED TO YOU IN THIS DOCUMENT?

4          THE DEFENDANT:  YES, SIR.

5          THE COURT:  DID YOUR LAWYER, WAS HE ABLE TO

6  ANSWER ANY AND ALL QUESTIONS THAT YOU HAD ABOUT THAT

7  DOCUMENT WHEN YOU WENT OVER IT WITH HIM?

8          THE DEFENDANT:  YES, SIR.

9          THE COURT:  DO YOU HAVE ANY QUESTIONS AT ALL

10  ABOUT THAT DOCUMENT OR ANYTHING THAT'S IN IT?

11          THE DEFENDANT:  NO.

12          THE COURT:  WHILE WE HAVE YOUR ATTORNEY, WHEN WE

13  ARE TALKING ABOUT HIM LET'S GO AHEAD AND ASK THIS

14  QUESTION.  HE IS STANDING THERE BESIDE YOU.  HOW HAS HE

15  DONE AS FAR AS AN ATTORNEY GOES?

16          THE DEFENDANT:  EXCELLENT.

17          THE COURT:  DO YOU HAVE ANY COMPLAINTS OR

18  PROBLEMS ABOUT HIS REPRESENTATION OF YOU?

19          THE DEFENDANT:  NO, SIR.

20          THE COURT:  HAS HE SPENT WHAT YOU THINK TO BE A

21  SUFFICIENT AMOUNT OF TIME INVESTIGATING YOUR CASE?

22          THE DEFENDANT:  VERY MUCH SO.

23          THE COURT:  HAVE YOU ENCOUNTERED ANYTHING THAT HE

24  HAS NOT BEEN ABLE TO EXPLAIN TO YOU AS FAR AS FORMS,

25  DOCUMENTS OR THAT TYPE THING?

1            THE DEFENDANT:  NO, SIR.

2            THE COURT:  WHEN YOU WERE ORIGINALLY CHARGED IN

3    THIS CASE, FIRST OFF, YOU WERE ARRESTED AND THEN YOU WERE

4    CHARGED BY AN INDICTMENT.  DID YOU GET A COPY OF THE

5    INDICTMENT?

6            THE DEFENDANT:  YES.

7            THE COURT:  DID YOU READ IT?

8            THE DEFENDANT:  YES.

9            THE COURT:  DID YOUR LAWYER GO OVER IT WITH YOU

10   AS WELL?

11           THE DEFENDANT:  YES.

12           THE COURT:  BASED UPON YOUR READING OF THAT

13   DOCUMENT AND YOUR ATTORNEYS EXPLANATION OF IT TO YOU, DO

14   YOU BELIEVE THAT YOU UNDERSTAND THE CHARGES THAT ARE

15   PENDING AGAINST YOU?

16           THE DEFENDANT:  YES.

17           THE COURT:  IN THE LAST 48 HOURS, HAVE YOU TAKEN

18   ANY MEDICATIONS, ANY DRUGS OF ANY TYPE?

19           THE DEFENDANT:  YES, FOR COLD.

20           THE COURT:  DID YOU TAKE THE COLD MEDICATION IN

21   ACCORDANCE WITH THE INSTRUCTIONS ON THE PACKAGE?

22           THE DEFENDANT:  YES.

23           THE COURT:  HAVE YOU TAKEN ANY PRESCRIPTION

24   MEDICATION?

25           THE DEFENDANT:  NO, SIR.

1          THE COURT:  HAVE YOU TAKEN ANY ILLEGAL DRUGS?

2          THE DEFENDANT:  NO, SIR.

3          THE COURT:  IN THE LAST 48 HOURS, HAVE YOU

4   CONSUMED ANY ALCOHOLIC BEVERAGE?

5          THE DEFENDANT:  NO, SIR.

6          THE COURT:  ARE YOU SUFFERING FROM ANY MENTAL OR

7   EMOTIONAL IMPAIRMENT OR PHYSICAL ILLNESS THAT MIGHT AFFECT

8   YOUR ABILITY TO UNDERSTAND THESE PROCEEDINGS?

9          THE DEFENDANT:  NO, SIR.

10         THE COURT:  I AM GOING TO GO OVER SOME OF THE

11  SAME RIGHTS THAT ARE CONTAINED IN THE EXPLANATION OF

12  RIGHTS FORM JUST TO MAKE SURE WE HAVE IT IN THE RECORD AND

13  THAT YOU UNDERSTAND THESE RIGHTS, SO THESE SHOULD NOT BE

14  STRANGE TO YOU, OKAY?

15         YOU ARE PRESUMED TO BE NOT GUILTY OF THE CHARGES

16  MADE AGAINST YOU, AND THAT PRESUMPTION ALONE IS SUFFICIENT

17  TO MAKE SURE THAT YOU WILL NOT BE CONVICTED UNLESS YOU

18  PLEAD GUILTY AND I ACCEPT THAT GUILTY PLEA OR WE HAVE A

19  TRIAL AND A JURY CONVICTS YOU OF THE CHARGES.  DO YOU

20  UNDERSTAND THAT?

21         THE DEFENDANT:  YES.

22         THE COURT:  AT ANY TRIAL, YOU WOULD HAVE THE

23  RIGHT TO CONFRONT AND CROSS EXAMINE ALL THE EVIDENCE AND

24  WITNESSES AGAINST YOU.  YOU WOULD HAVE A RIGHT TO CONFRONT

25  YOUR ACCUSERS, YOU WOULD HAVE A RIGHT TO SUBPOENA

```
 1  WITNESSES TO APPEAR AND TESTIFY IN YOUR BEHALF.  YOU WOULD
 2  HAVE THE RIGHT TO TAKE THE WITNESS STAND AND TESTIFY IN
 3  YOUR BEHALF.  YOU WOULD HAVE THE RIGHT TO PRESENT YOUR OWN
 4  EVIDENCE.  DO YOU UNDERSTAND THAT?
 5          THE DEFENDANT:  YES, SIR.
 6          THE COURT:  PRIOR TO THE TRIAL, DURING THE TRIAL
 7  AND AFTER THE TRIAL, YOU WOULD HAVE THE RIGHT TO BE
 8  REPRESENTED BY A CONSTITUTIONALLY-ADEQUATE ATTORNEY.  YOU
 9  WOULD HAVE THE RIGHT TO INSIST THAT THE GOVERNMENT PROVE
10  YOU GUILTY BEYOND A REASONABLE DOUBT.  THAT'S WHAT WE CALL
11  THE BURDEN OF PROOF.  AND IF THE GOVERNMENT FAILS TO PROVE
12  YOU GUILTY BEYOND A REASONABLE DOUBT, YOU WOULD BE
13  ENTITLED TO A NOT-GUILTY VERDICT.  DO YOU UNDERSTAND THAT?
14          THE DEFENDANT:  YES, SIR.
15          THE COURT:  AND YOU WOULD BE ENTITLED TO BE TRIED
16  BY A JURY OF YOUR PEERS.  THOSE INDIVIDUALS WOULD SIT IN A
17  JURY BOX, RECEIVE THE EVIDENCE AND TESTIMONY, LISTEN TO
18  IT, LISTEN TO WHAT YOU HAVE TO SAY IF YOU CHOOSE TO SAY
19  SOMETHING DIRECTLY TO THEM.  IF NOT, LISTEN TO ANY
20  EVIDENCE YOU PRESENT, LISTEN TO THE EVIDENCE THE
21  GOVERNMENT PRESENTS AND THEN THE ARGUMENTS MADE BY COUNSEL
22  AND THE INSTRUCTIONS I GIVE THEM, THEN THEY WILL MAKE A
23  DECISION ABOUT WHETHER YOU'RE GUILTY OR YOU ARE INNOCENT
24  OF THE CHARGES.  DO YOU UNDERSTAND THAT?
25          THE DEFENDANT:  YES, SIR.
```

| | |
|---|---|
| 1 | THE COURT:  IF YOU PLEAD GUILTY AND I ACCEPT THAT |
| 2 | GUILTY PLEA, YOU ARE GOING TO GIVE UP CERTAIN RIGHTS.  YOU |
| 3 | ARE GOING TO GIVE UP THE RIGHT TO A JURY TRIAL.  YOU ARE |
| 4 | GOING TO GIVE UP THE RIGHT TO THE PRESUMPTION THAT YOU ARE |
| 5 | NOT GUILTY OF THE CHARGES AGAINST YOU.  YOU ARE GOING TO |
| 6 | GIVE UP THE RIGHT TO CONFRONT AND CROSS EXAMINE THE |
| 7 | EVIDENCE AND WITNESSES AGAINST YOU, AT LEAST TO THE EXTENT |
| 8 | OF YOUR GUILT OR INNOCENCE PHASE.  YOU WILL ALSO GIVE UP |
| 9 | THE RIGHT TO REFUSE TO TESTIFY.  YOU WILL GIVE UP THE |
| 10 | RIGHT TO REFUSE TO TESTIFY BECAUSE, BY PLEADING GUILTY, |
| 11 | YOU ARE TESTIFYING; YOU ARE TELLING ME THAT YOU ARE |
| 12 | GUILTY.  DO YOU UNDERSTAND THAT? |
| 13 | THE DEFENDANT:  YES, SIR. |
| 14 | THE COURT:  YOU WILL ALSO GIVE UP THE RIGHT NOT |
| 15 | ONLY TO PRESENT YOUR OWN EVIDENCE AND WITNESSES AS TO THE |
| 16 | GUILT OR INNOCENCE BUT TO CROSS EXAMINE THE GOVERNMENT'S |
| 17 | WITNESSES AND THE EVIDENCE AND WITNESSES AGAINST YOU IN |
| 18 | THE GUILT OR INNOCENCE PHASE.  DO YOU UNDERSTAND THAT? |
| 19 | THE DEFENDANT:  YES, SIR. |
| 20 | THE COURT:  IF YOU PLEAD GUILTY AND I ACCEPT THE |
| 21 | GUILTY PLEA, THE ONLY THING THAT WILL BE LEFT FOR US TO DO |
| 22 | IS TO SET A SENTENCING HEARING AND, AT THE CONCLUSION OF |
| 23 | THAT SENTENCING HEARING, SENTENCE YOU.  YOU WILL BE JUST |
| 24 | AS GUILTY IF YOU PLEAD GUILTY AND I ACCEPT THE GUILTY PLEA |
| 25 | AS IF WE HAD A FULL-BLOWN TRIAL AND A JURY DETERMINED YOU |

1  TO BE GUILTY.  DO YOU UNDERSTAND THAT?

2          THE DEFENDANT:  YES, SIR.

3          THE COURT:  I AM GOING TO GO OVER THE CHARGES

4  BECAUSE I WANT TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU

5  ARE CHARGED WITH AND WHAT THE GOVERNMENT HAS TO PROVE TO

6  PROVE YOU GUILTY OF THOSE OFFENSES.

7          COUNT ONE CHARGES YOU WITH A VIOLATION OF 18 USC

8  SECTION 2422B.  TO PROVE YOU GUILTY OF THAT OFFENSE, THE

9  GOVERNMENT MUST PROVE THE FOLLOWING THINGS:  THAT YOU

10  KNOWINGLY USED BY THE MAIL A COMPUTER, OR A COMPUTER TO

11  ATTEMPT TO PERSUADE, INDUCE, ENTICE OR COERCE AN

12  INDIVIDUAL UNDER THE AGE OF 18 TO ENGAGE IN SEXUAL

13  ACTIVITY AS CHARGED IN THE INDICTMENT.

14          SECOND, THAT YOU BELIEVE THAT THAT INDIVIDUAL WAS

15  LESS THAN 18 YEARS OF AGE.

16          THIRD, THAT IF THE SEXUAL ACTIVITY HAD OCCURRED,

17  YOU COULD HAVE BEEN CHARGED WITH A CRIMINAL OFFENSE UNDER

18  THE LAW OF THE STATE OF ALABAMA.

19          AND, FOURTH, THAT YOU ACTED KNOWINGLY AND

20  WILLFULLY.  THE WORD KNOWINGLY, AND I WILL USE THIS TERM

21  IN ALL THREE OF THE COUNTS OF THE INDICTMENT, MEANS THAT

22  THE ACT WAS DONE VOLUNTARILY AND INTENTIONALLY AND NOT

23  BECAUSE OF MISTAKE OR ACCIDENT.  THE WORD WILLFULLY MEANS

24  THAT THE ACT WAS COMMITTED VOLUNTARILY AND PURPOSEFULLY,

25  WITH SPECIFIC INTENT TO DO SOMETHING THE LAW FORBIDS.

1     IS THE GOVERNMENT SATISFIED I EXPLAINED THE

2  NATURE AND MATERIAL ELEMENTS OF COUNT ONE?

3     MR. ENGLAND:  THE GOVERNMENT IS SATISFIED, YOUR

4  HONOR.

5     THE COURT:  DO YOU UNDERSTAND WHAT THE GOVERNMENT

6  HAS TO PROVE TO PROVE YOU GUILTY OF COUNT ONE?

7     THE DEFENDANT:  YES, SIR.

8     THE COURT:  COUNT TWO CHARGES YOU WITH A

9  VIOLATION OF 18 USC SECTION 2423B AND E.  TO PROVE YOU

10  GUILTY OF THAT OFFENSE, THE GOVERNMENT MUST PROVE THAT YOU

11  TRAVELED IN INTERSTATE COMMERCE AS CHARGED IN THE

12  INDICTMENT AND, SECOND, THAT YOU TRAVELED FOR THE PURPOSE

13  OF ENGAGING IN ILLICIT SEXUAL CONDUCT WITH ANOTHER PERSON

14  AS CHARGED IN THE INDICTMENT.  AND, THIRD, THAT YOU DID

15  THIS ACT KNOWINGLY AND WILLFULLY.

16     NOW, INTERSTATE COMMERCE IS THE MOVEMENT BETWEEN

17  ANY PLACE IN ONE STATE AND ANY PLACE IN ANOTHER.  ILLICIT

18  SEXUAL CONDUCT, AS UTILIZED BY THAT CHARGE, THAT PART OF

19  THE INDICTMENT, MEANS A SEXUAL ACT AS DEFINED IN SECTION

20  2246 OR 18 USC SECTION 2246 WITH A PERSON UNDER THE AGE OF

21  18 YEARS THAT WOULD BE IN VIOLATION OF CHAPTER 109(A) IF

22  THE SEXUAL ACT OCCURRED IN SPECIAL MARITIME AND

23  TERRITORIAL JURISDICTION OF THE UNITED STATES OR ANY

24  COMMERCIAL SEX ACT AS DEFINED IN SECTION 18 USC SECTION

25  1591 WITH A PERSON UNDER THE AGE OF 18 YEARS.

1        KNOWINGLY AND WILLFULLY MEANS THE SAME AS I SAID

2   BEFORE.  SUBPARAGRAPH (E) -- THAT'S SUBPARAGRAPH (B) THAT

3   I JUST EXPLAINED TO YOU.  IN (E), IT DESCRIBES HOW AN

4   ATTEMPT TO VIOLATE THAT SECTION WOULD BE PUNISHABLE IN THE

5   SAME MANNER AS A COMPLETED VIOLATION OF THAT SUBSECTION.

6        IS THE GOVERNMENT SATISFIED I HAVE EXPLAINED THE

7   NATURE AND MATERIAL ELEMENTS OF THAT PARTICULAR CHARGE?

8        MR. ENGLAND:  THE GOVERNMENT IS SATISFIED, YOUR

9   HONOR.

10        THE COURT:  DO YOU UNDERSTAND WHAT THE GOVERNMENT

11   HAS TO PROVE TO PROVE YOU GUILTY OF THAT OFFENSE?

12        THE DEFENDANT:  YES, SIR.

13        THE COURT:  COUNT THREE CHARGES YOU WITH A

14   VIOLATION OF 18 USC SECTION 2252(A)(a)(5)(B)(b)(2).

15        MR. STURDIVANT:  YOUR HONOR, COULD I HAVE JUST A

16   MINUTE WITH COUNSEL FOR THE GOVERNMENT?

17        THE COURT:  YES.

18        MR. STURDIVANT:  JUDGE, ON MY COPY OF THE

19   INDICTMENT, THE ACTUAL CODE SECTION IS 52 -- 2252(A) AND

20   THEN SUBPART (A)(5)(B), I DON'T KNOW --

21        THE COURT:  I'M LOOKING AT THE PROBATION OFFICE'S

22   SHEET.

23        MR. ENGLAND:  ALSO, YOUR HONOR, I DON'T KNOW IF

24   THIS WILL AFFECT WHETHER YOU ARE GOING THROUGH THE CHARGES

25   OR NOT, THAT WAS THE COUNT WE ARE PROPOSING TO DISMISS AS

1   PART OF THE PLEA AGREEMENT.

2           MR. STURDIVANT:  CORRECT.

3           THE COURT:  WHAT ABOUT COUNT FOUR?

4           MR. ENGLAND:  COUNT FOUR IS STILL ON THE TABLE.

5           THE COURT:  OKAY.  THEN I WON'T EXPLAIN COUNT

6   THREE.  I WILL, HOWEVER, EXPLAIN COUNT FOUR, WHICH IS 18,

7   WHICH IS A FORFEITURE COUNT, AND THAT'S A FORFEITURE OF

8   THE COMPUTERS.  AND TO THE EXTENT THAT THE GOVERNMENT -- I

9   ASSUME THERE IS NOT A CONTEST AS TO THAT AND YOU ARE

10  AGREEING TO THE FORFEITURES.

11          ANY NEED NOR ME TO EXPLAIN THE FORFEITURE COUNT?

12          MR. ENGLAND:  NO, SIR.

13          MR. STURDIVANT:  NO, SIR.

14          THE COURT:  BASICALLY, YOU ARE AGREEING THE ITEMS

15  SET FORTH IN THAT PART OF THE INDICTMENT WILL BE

16  FORFEITED.

17          THE DEFENDANT:  YES, SIR.

18          THE COURT:  IS THE GOVERNMENT SATISFIED THEN THAT

19  I HAVE EXPLAINED THE NATURE AND MATERIAL ELEMENTS OF ALL

20  THE COUNTS; THAT BEING COUNT ONE AND TWO THAT THE

21  DEFENDANT INTENDS TO PLEAD GUILTY TO?

22          MR. ENGLAND:  THE GOVERNMENT IS SATISFIED, YOUR

23  HONOR.

24          THE COURT:  THE ORIGINAL PLEA AGREEMENT THAT I

25  HAVE INDICATES THAT HE WILL BE PLEADING GUILTY TO THE

1    INDICTMENT.

2              MR. ENGLAND:  IT DOES, YOUR HONOR.  AND I JUST

3    CAUGHT THAT TYPO.  BUT --

4              THE COURT:  LET'S MAKE A CHANGE TO THAT AND HAVE

5    EVERYBODY INITIAL IT IF HE IS NOT PLEADING GUILTY TO THAT

6    COUNT.

7              MR. ENGLAND:  YES, SIR.

8              THE COURT:  Y'ALL TAKE JUST A SECOND AND DO THAT.

9              MR. ENGLAND:  IT'S FURTHER SPECIFIED IN THE

10   AGREEMENT THAT WE ARE GOING TO DISMISS THAT.

11             THE COURT:  THAT'S OKAY.  THAT'S WHAT I WAS GOING

12   ON WHEN I WAS EXPLAINING THAT OTHER ONE.

13             MR. STURDIVANT:  JUDGE, FOR THE RECORD,

14   MR. JURAVEL'S INITIALS ARE THE BOTTOM SET OF INITIALS.

15             THE COURT:  THAT INDICATES S.J., I ASSUME?

16             MR. STURDIVANT:  YES, SIR.

17             THE COURT:  WE'LL GO OVER THE PLEA AGREEMENT IN

18   JUST A MINUTE.

19             MR. JURAVEL, I ALSO NEED TO MAKE SURE THAT YOU

20   UNDERSTAND THE PUNISHMENT RANGE.  NOW, THERE IS TWO

21   PUNISHMENT RANGES WE ARE GOING TO TALK ABOUT TODAY.  ONE

22   IS THE SENTENCING GUIDELINE RANGE; THAT IS A RECOMMENDED

23   RANGE, IT'S NOT BINDING UPON ME.  NOW, THIS IS AN UNUSUAL

24   CASE BECAUSE IT'S WHAT WE CALL A BINDING PLEA, AND I WILL

25   TALK A LOT MORE ABOUT THAT WHEN WE GET TO THE PLEA

1    AGREEMENT STAGE.  BUT WHAT WILL HAPPEN IS WHEN WE GET

2    THROUGH, IF I ACCEPT YOUR GUILTY PLEA, THEN THE PROBATION

3    OFFICE WILL CONDUCT A FULL WILL PRESENTENCE INVESTIGATION,

4    THEY WILL DO A PRESENTENCE REPORT.  THE PRESENTENCE REPORT

5    WILL RECOMMEND, IT WILL GO THROUGH AND IT WILL CALCULATE

6    OUT SOME NUMBERS, AND WHEN YOU LOOK AT A CHART BASED ON

7    THE THINGS THAT COME FROM THE PRESENTENCE REPORT,

8    ULTIMATELY, I WILL RULE ON WHETHER THAT PRESENTENCE REPORT

9    IS ACCURATE OR NOT AND I WILL TAKE INTO CONSIDERATION ANY

10   OBJECTIONS THAT YOUR ATTORNEYS MAKE OR THE GOVERNMENT

11   MAKES OF ANY ADDITIONS EITHER SIDE WANTS TO MAKE AND WE'LL

12   COME TO A FINAL NUMBER.  THAT WILL BE A RANGE OF

13   PUNISHMENT THAT THE SENTENCING GUIDELINES INDICATE WILL BE

14   APPROPRIATE IN YOUR CASE.  IT'S CALLED THE SENTENCING

15   GUIDELINE RANGE.  THAT'S ADVISORY, IT'S NOT BINDING ON ME.

16          ONCE I LOOK AT THE PRESENTENCE REPORT AND I HAVE

17   THAT HEARING, I WILL MAKE A DETERMINATION FOR FINAL

18   WHETHER OR NOT I WILL ACCEPT THE GUILTY -- I WILL SENTENCE

19   YOU THERE AS INDICATED IN THE BINDING PLEA AGREEMENT.  IF

20   I DO NOT, I WOULD ALLOW YOU TO WITHDRAW YOUR GUILTY PLEA

21   AND IT WILL BE JUST LIKE THIS NEVER HAPPENED.  DO YOU

22   UNDERSTAND THAT?

23          THE DEFENDANT:  YES, SIR.

24          THE COURT:  BUT THAT WILL BE A SOLE DECISION THAT

25   I WILL MAKE.  IF YOU GO THROUGH WITH THIS PLEA, YOU WILL

1  NOT HAVE THE OPTION OF JUST WITHDRAWING IT.  BUT I,

2  HOWEVER, WILL HAVE THE OPPORTUNITY TO LOOK AT THE

3  PRESENTENCE REPORT, AND IT'S BEEN CALCULATED, I HAVE THE

4  ESTIMATE HERE, BECAUSE I LOOKED AT IT, I NOTICED A PROBLEM

5  WITH IT AND I POINTED IT OUT TO THE COUNSEL BECAUSE I

6  DIDN'T WANT US GOING THROUGH ALL THIS AND THEN HAVING A

7  PROBLEM THAT AUTOMATICALLY CAUSED A PROBLEM FOR YOU OR FOR

8  US IN THE COURT SYSTEM, OR FOR THE GOVERNMENT, FOR THAT

9  MATTER, SO I POINTED THAT OUT AND IT'S BEEN CORRECTED.

10         NOW WE HAVE WHAT IS AN ESTIMATE.  MAY END UP

11  BEING EXACTLY ACCURATE OR MAY NOT.  BUT THAT'S A

12  SENTENCING GUIDELINE.  DO YOU UNDERSTAND THAT?

13         THE DEFENDANT:  YES, SIR.

14         THE COURT:  THERE IS ANOTHER RANGE THAT WE ARE

15  GOING TO TALK ABOUT, WHICH IS THE STATUTORY RANGE OF

16  PUNISHMENT.  THIS IS SET FORTH BY THE CONGRESS.  AND IT

17  SETS THE ABSOLUTE MINIMUMS AND MAXIMUMS THAT YOU CAN

18  RECEIVE IN A CASE.  IF I WANTED TO GIVE YOU MORE THAN THE

19  STATUTE PERMITS, I CAN'T DO IT.  SO THIS IS THE ABSOLUTE

20  MINIMUMS AND MAXIMUMS.  DO YOU UNDERSTAND THAT?

21         THE DEFENDANT:  YES, SIR.

22         THE COURT:  OKAY.  SO WITH REGARD TO COUNT ONE,

23  THE STATUTORY RANGE OF PUNISHMENT IS A FINE, IF YOU ARE

24  CONVICTED EITHER BY GUILTY PLEA OR TRIAL, A FINE OF NOT

25  MORE THAN $250,000, IN-CUSTODY IMPRISONMENT OF NOT LESS

1    THAN FIVE YEARS, NO MORE THAN THIRTY YEARS, A SUPERVISED

2    RELEASE TERM OF ANY TERM OF YEARS UP THROUGH AND INCLUDING

3    YOUR LIFETIME, AN ASSESSMENT FEE OF $100 TO THE UNITED

4    STATES GOVERNMENT, RESTITUTION APPLIES, AND SENTENCING

5    GUIDELINES APPLY AS WELL.  THAT'S COUNT ONE.

6          COUNT TWO IS A SEPARATE PUNISHMENT AS FAR AS THE

7    STATUTORY RANGE GOES, AND IT CAN BE CONSECUTIVE TO COUNT

8    ONE OR IT CAN BE CONCURRENT.  THAT'S MY PROBATION OFFICE

9    OVER THERE, I WANT TO MAKE SURE THAT I HAVE GOT THE

10   SENTENCING RANGE RIGHT SO I EXPLAIN IT TO YOU.  THAT'S A

11   SEPARATE THING.

12          SO FOR EACH COUNT, THIS IS THE MAXIMUM THAT YOU

13   CAN RECEIVE AND IT COULD BE TWICE THAT MUCH WHEN IT'S

14   ADDED TOGETHER BECAUSE THEY BOTH HAPPEN TO HAVE -- WELL,

15   NOT EXACTLY THE SAME, BUT YOUR SENTENCES COULD BE THIS

16   MUCH FOR COUNT ONE AND THEN, IN ADDITION, WHATEVER YOU END

17   UP GETTING FOR COUNT TWO.  DO YOU UNDERSTAND THAT?

18          THE DEFENDANT:  YES, SIR.

19          THE COURT:  THE STATUTORY RANGE OF PUNISHMENT FOR

20   COUNT TWO IS A FINE OF NOT MORE THAN $250,000, IN-CUSTODY

21   IMPRISONMENT OF NOT MORE THAN THIRTY YEARS, A SUPERVISED

22   RELEASE TERM OF ANY TERM OF YEARS UP THROUGH AND INCLUDING

23   YOUR LIFE, AN ASSESSMENT FEE OF $100, RESTITUTION APPLIES

24   AND SENTENCING GUIDELINES APPLY AS WELL.

25          NOW, THESE ARE FELONY CONVICTIONS AND, AS SUCH,

1   MAY DEPRIVE YOU OF VALUABLE CIVIL RIGHTS SUCH AS THE RIGHT

2   TO VOTE, HOLD PUBLIC OFFICE OR SERVE ON ANY KIND OF JURY.

3        PLEA AGREEMENTS ARE PERMITTED BUT YOU HAVE TO

4   DISCLOSE NOT ONLY THAT THERE IS A PLEA AGREEMENT BUT THE

5   TERMS AND CONDITIONS OF THE PLEA AGREEMENT.  IT IS UNUSUAL

6   IN THIS DISTRICT FOR US TO HAVE A BINDING PLEA AGREEMENT.

7   I AM GOING TO -- I CAN'T SAY I AM GOING TO ACCEPT A

8   BINDING PLEA AGREEMENT BUT I AM GOING TO ALLOW US TO GO

9   THROUGH WITH THIS PARTICULAR PART OF THE PROCESS WHERE I

10  WILL ALLOW YOU, IF YOU CHOOSE TO, TO TENDER YOUR GUILTY

11  PLEA AND TO DO SO BASED ON A BINDING PLEA AGREEMENT.

12       I HAVE THIS DOCUMENT IN FRONT OF ME, WE ARE ABOUT

13  TO GO OVER IT, BUT I WANT YOU TO UNDERSTAND WHAT YOU HAVE

14  TOLD ME BEFORE, THIS IS AN AGREEMENT THAT NORMALLY IS JUST

15  BETWEEN YOU AND THE GOVERNMENT, IT'S NOT BINDING ON ME AT

16  ALL.  IN THIS INSTANCE, YOUR ATTORNEY AND THE GOVERNMENT

17  ARE ASKING THAT IT BE BINDING UPON ME, AND THEY BOTH HAVE

18  SIGNED IT SAYING CONDITIONED UPON ME AGREEING TO GO ALONG

19  WITH IT -- WELL, I AM NOT REQUIRED AND WILL NOT TELL YOU

20  FOR SURE WHETHER I AM GOING TO GO ALONG WITH IT UNTIL WE

21  GET THE PRESENTENCE INVESTIGATION DONE AND I CAN SEE

22  EVERYTHING THAT'S INVOLVED IN THIS CASE.  THEN I WILL MAKE

23  A DECISION.

24       IF I DECIDE THAT THE PUNISHMENT RANGE IS NOT

25  APPROPRIATE FOR YOU FOR WHATEVER REASON AND I AM NOT

1  WILLING TO GO ALONG WITH IT, THEN I WOULD ALLOW YOU AND,

2  FOR THAT MATTER, THE GOVERNMENT TO WITHDRAW THE GUILTY

3  PLEA.  DO YOU UNDERSTAND THAT?

4        THE DEFENDANT:  YES, SIR.

5        THE COURT:  THEN WE'LL START OVER JUST LIKE THIS

6  DID NOT OCCUR.  BUT I WANT YOU TO UNDERSTAND SOMETHING.

7  IF YOU GO THROUGH WITH THIS PLEA AGREEMENT AND WHEN WE GET

8  TO THE SENTENCING PHASE, IF I AM PREPARED TO SENTENCE YOU

9  IN ACCORDANCE WITH THIS PLEA AGREEMENT, THEN YOU JUST

10 DECIDING THAT YOU DON'T WANT TO GO ALONG WITH IT FOR

11 WHATEVER REASON THEN, YOU WILL NOT BE ABLE TO SET ASIDE

12 YOUR GUILTY PLEA AT THAT TIME.  DO YOU UNDERSTAND THAT?

13       THE DEFENDANT:  YES, SIR.

14       THE COURT:  OKAY.  THE DOCUMENT I HAVE IN MY

15 HAND, I HAVE ASKED IT BE MODIFIED ON THE FRONT PAGE TO

16 REFLECT YOU ARE GOING TO BE PLEADING GUILTY TO COUNT ONE,

17 TWO, AND FOUR BUT THAT COUNT THREE, TAKING OUT -- IT

18 ORIGINALLY SAID ALL OF THE INDICTMENT.  AND I KNOW FURTHER

19 ON IN THE DOCUMENT IT SAYS THAT THE GOVERNMENT WILL BE

20 MOVING TO DISMISS COUNT THREE AT THE TIME OF YOUR

21 SENTENCING.  ARE THESE YOUR INITIALS HERE AT THIS PART?

22       THE DEFENDANT:  YES, SIR.

23       THE COURT:  DID YOU READ THIS DOCUMENT THAT I AM

24 HOLDING, THIS PLEA AGREEMENT?

25       THE DEFENDANT:  YES, SIR.

```
 1              THE COURT:  DID YOU READ IT BEFORE YOU SIGNED IT?

 2              THE DEFENDANT:  YES, SIR.

 3              THE COURT:  DID YOU, IN FACT, SIGN THIS DOCUMENT

 4  ON PAGE EIGHT?  IS THAT YOUR SIGNATURE?

 5              THE DEFENDANT:  YES, SIR.

 6              THE COURT:  WHEN YOU SIGNED THAT DOCUMENT ON PAGE

 7  EIGHT, WERE YOU ACKNOWLEDGING THAT THE FACTS AS STATED

 8  FROM YOUR SIGNATURE BACK TO THE BEGINNING OF THE DOCUMENT

 9  ARE TRUE AND ACCURATE AND I SHOULD RELY UPON THEM IN

10  DECIDING WHETHER OR NOT I SHOULD ACCEPT YOUR GUILTY PLEA

11  AND IN DECIDING WHAT WOULD BE AN APPROPRIATE SENTENCE?

12              THE DEFENDANT:  YES, SIR.

13              THE COURT:  IN OTHER WORDS, YOU'RE STIPULATING TO

14  THOSE FACTS AS BEING TRUE?

15              THE DEFENDANT:  YES, SIR.

16              THE COURT:  DO YOU NEED TO READ THEM AGAIN OR ARE

17  YOU SATISFIED THAT YOU HAVE READ THEM ENOUGH THAT YOU KNOW

18  THOSE FACTS?

19              THE DEFENDANT:  I AM SATISFIED.

20              THE COURT:  IN THESE FACTS, IT SAYS THAT YOU DID

21  CERTAIN THINGS.  YOU SENT EMAILS, YOU TRAVELED FROM

22  GEORGIA TO ALABAMA, YOU DID ALL THESE VARIOUS THINGS THAT

23  ARE STATED IN THIS FACTS.  DID YOU DO THE THINGS THE

24  GOVERNMENT SAYS YOU DID HERE IN THESE FACTS?

25              THE DEFENDANT:  YES, SIR.
```

1          THE COURT:  ARE THESE FACTS SUBSTANTIALLY CORRECT
2  AS STATED IN THIS DOCUMENT, THIS PLEA AGREEMENT?
3          THE DEFENDANT:  YES, SIR.
4          THE COURT:  IT ALSO APPEARS TO HAVE YOUR
5  SIGNATURE ON PAGE ELEVEN.  IS THAT YOUR SIGNATURE?
6          THE DEFENDANT:  YES, SIR.
7          THE COURT:  IT APPEARS TO ME WHEN YOU SIGNED IT
8  THERE ON THAT PARTICULAR PAGE YOU WERE ACKNOWLEDGING THAT
9  YOU WERE WAIVING AND GIVING UP YOUR RIGHTS TO DIRECT OR
10  COLLATERAL APPEAL OF THIS CASE EXCEPT UNDER THE LIMITED
11  CIRCUMSTANCES THAT ARE SET FORTH THERE IN THE PARAGRAPH --
12  ACTUALLY NOT THE PARAGRAPH IMMEDIATELY PRECEDING YOUR
13  SIGNATURE BUT THE ONE BEFORE THAT.
14          IS THAT WHAT YOU WERE DOING WHEN YOU SIGNED IT
15  THERE ON THIS PAGE?
16          THE DEFENDANT:  YES, SIR.
17          THE COURT:  AND THAT IS YOUR SIGNATURE ON PAGE
18  ELEVEN?
19          THE DEFENDANT:  YES, SIR.
20          THE COURT:  DID YOU SIGN THIS DOCUMENT ON PAGE
21  FOURTEEN?
22          THE DEFENDANT:  YES, SIR.
23          THE COURT:  DID YOU READ THIS ENTIRE AGREEMENT
24  BEFORE YOU SIGNED IT ANYWHERE?
25          THE DEFENDANT:  YES.

```
 1            THE COURT:  DID YOUR LAWYER GO OVER THIS DOCUMENT
 2   WITH YOU BEFORE YOU SIGNED IT?
 3            THE DEFENDANT:  YES, SIR.
 4            THE COURT:  BASED UPON YOUR READING OF THE
 5   DOCUMENT AND YOUR ATTORNEYS EXPLANATION OF IT TO YOU, DO
 6   YOU BELIEVE THAT YOU UNDERSTAND EVERYTHING IN IT?
 7            THE DEFENDANT:  YES, SIR.
 8            THE COURT:  DOES THIS DOCUMENT STATE ALL OF THE
 9   AGREEMENT THAT YOU HAVE WITH THE GOVERNMENT?
10            THE DEFENDANT:  I BELIEVE SO, YES.
11            THE COURT:  WELL, DO YOU KNOW?
12            THE DEFENDANT:  YES.
13            THE COURT:  DO YOU KNOW OF ANY SIDE AGREEMENTS
14   THAT ARE OUT THERE THAT ARE NOT LISTED IN THIS DOCUMENT?
15            THE DEFENDANT:  NO, SIR.
16            THE COURT:  OKAY.  I WILL ASK YOUR ATTORNEY, DOES
17   THIS DOCUMENT STATE ALL THE AGREEMENT THAT YOUR CLIENT HAS
18   WITH THE GOVERNMENT?
19            MR. STURDIVANT:  IT DOES, YOUR HONOR.
20            THE COURT:  ARE THERE ANY SIDE AGREEMENTS?
21            MR. STURDIVANT:  NO, SIR.
22            THE COURT:  I WILL ASK THE GOVERNMENT, DOES THIS
23   DOCUMENT STATE ALL THE AGREEMENT THAT THE GOVERNMENT HAS
24   WITH THIS DEFENDANT?
25            MR. ENGLAND:  IT DOES, YOUR HONOR.
```

1        THE COURT:  ARE THERE ANY SIDE AGREEMENTS?

2        MR. ENGLAND:  THERE ARE NONE, YOUR HONOR.

3        THE COURT:  IT APPEARS TO ME AND I WANT TO MAKE

4  SURE OF THIS, THAT WHAT YOU ARE DOING IS YOU'RE AGREEING

5  THAT AN APPROPRIATE SENTENCE WOULD BE 262 MONTHS IN

6  PRISON; IS THAT RIGHT?

7        THE DEFENDANT:  YES, SIR.

8        THE COURT:  AND THEN IT'S GOT VARIOUS OTHER

9  THINGS ABOUT WHAT SHOULD BE INCLUDED IN THE CALCULATIONS

10  OF YOUR SENTENCING GUIDELINES.  BUT I WANT YOU TO

11  UNDERSTAND SOMETHING, THAT YOU ARE AGREEING -- YOUR

12  ATTORNEY HAS MET WITH THE GOVERNMENT AND MET WITH THE

13  PROBATION OFFICE AND THEY HAVE COME UP WITH WHAT THEY

14  BELIEVE TO BE A REASONABLE CALCULATION OF WHAT YOUR

15  SENTENCING GUIDELINE RANGE WILL END UP BEING.  THAT'S THIS

16  DOCUMENT, OKAY?  THEY HAVE ALL GIVEN THEIR BEST JUDGMENT

17  BUT IT MIGHT NOT END UP BEING EXACTLY THIS.  IT COULD END

18  UP BEING MORE, IT COULD END UP BEING LESS OF A GUIDELINE

19  RANGE.  DO YOU UNDERSTAND THAT?

20        THE DEFENDANT:  YES, SIR.

21        THE COURT:  EVEN IF THE ULTIMATE PRESENTENCE

22  INVESTIGATION TURNS OUT TO BE LESS TIME -- LET'S SAY, FOR

23  INSTANCE, THE PROBATION OFFICE MADE A MISTAKE IN THE

24  CALCULATIONS AND IT'S LESS, OR THAT ONE OF THE THINGS THAT

25  EVERYBODY'S ASSUMING IS TRUE TURNS OUT TO NOT BE TRUE AS

1  FAR AS SOME OF THE LITTLE FACTS OR SOME APPLICATION OF A

2  PARTICULAR PROVISION, AND IT CHANGES THE PRESENTENCE

3  REPORT SO THAT THE GUIDELINE RANGE IS NOT WHAT YOU THOUGHT

4  IT WOULD END UP BEING, THAT WILL NOT BE A REASON FOR YOU

5  TO ASK ME TO SET ASIDE THIS GUILTY PLEA.  DO YOU

6  UNDERSTAND THAT?

7          THE DEFENDANT:  YES, SIR.

8          THE COURT:  THE ONLY REASON YOU WILL HAVE, BUT IT

9  WILL BE AN ABSOLUTE REASON, IS IF I DON'T SENTENCE YOU TO

10  262 MONTHS, THEN YOU WILL BE ABLE TO ASK ME TO SET ASIDE

11  THE GUILTY PLEA.  DO YOU UNDERSTAND THAT?

12          THE DEFENDANT:  YES, SIR.

13          THE COURT:  AND I WILL DO IT.  SHORT OF THAT, ANY

14  OTHER REASON IS NOT GOING TO BE A REASON TO ASK ME TO SET

15  ASIDE YOUR GUILTY PLEA.  DO YOU UNDERSTAND THAT?

16          THE DEFENDANT:  YES, SIR.

17          THE COURT:  LET ME ASK YOUR ATTORNEY.  DO YOU

18  BELIEVE I HAVE SUFFICIENTLY ADVISED YOUR CLIENT AS TO HIS

19  RIGHTS UNDER THIS PLEA AGREEMENT AND THE EFFECT OF THE

20  PLEA AGREEMENT AS IT IS IN A BINDING STATUS?

21          MR. STURDIVANT:  YES, SIR, I DO.

22          THE COURT:  I WILL ASK THE GOVERNMENT THE SAME

23  QUESTION.  HAVE I EXPLAINED IT SUFFICIENTLY SO THAT THE

24  GOVERNMENT AND THE DEFENSE POSITIONS AND RELATIVE RIGHTS

25  ARE MADE CLEAR TO EVERYBODY?

```
 1              MR. ENGLAND:  YES, SIR.

 2              THE COURT:  THE FACTUAL BASIS IS PRETTY

 3     EXTENSIVE; IT GOES ON FOR SEVERAL PAGES.  I REALLY DON'T

 4     SEE A NEED TO READ THAT INTO THE RECORD.  DOES ANYBODY SEE

 5     A NEED TO READ IT INTO THE RECORD?

 6              MR. STURDIVANT:  THE DEFENSE DOES NOT, YOUR

 7     HONOR.

 8              THE COURT:  DOES THE GOVERNMENT?

 9              MR. ENGLAND:  THE GOVERNMENT DOES NOT AS LONG AS

10     IT IS UNDERSTOOD THE DEFENDANT IS STIPULATING AS TO THE

11     FACTS AS THEY ARE IN THE PLEA AGREEMENT.

12              MR. STURDIVANT:  WE SO STIPULATE.

13              THE COURT:  ALL RIGHT.  DO YOU, MR. JURAVEL -- I

14     CAN'T SAY YOU HAVE A RIGHT TO HAVE THIS READ IN BECAUSE

15     IT'S IN WRITING AND WE CAN ALL READ IT.  I WILL BE MORE

16     THAN HAPPY TO HAVE THE GOVERNMENT STATE, THEY ARE GOING TO

17     JUST READ THAT TO YOU BECAUSE THAT'S THE FACTUAL BASIS

18     THAT THEY WOULD INTEND TO PROVE IF WE WENT TO TRIAL, AND

19     THEY WILL BE GLAD TO READ THAT OUT LOUD TO MAKE SURE THAT

20     YOU UNDERSTAND IT.  DO YOU WANT IT READ OUT LOUD?

21              THE DEFENDANT:  NO, SIR.

22              THE COURT:  SO YOU ARE STIPULATING THAT IT'S TRUE

23     AND CORRECT AND YOU ARE STIPULATING IF THE GOVERNMENT

24     STOOD UP THEY WOULD READ IT AND THAT THAT WOULD BE THE

25     FACTS?
```

1    THE DEFENDANT:  YES, SIR.

2    THE COURT:  OKAY.  HAS ANYBODY THREATENED YOU OR

3  FORCED YOU IN ANY WAY TO TRY TO GET YOU TO PLEAD GUILTY?

4    THE DEFENDANT:  NO, SIR.

5    THE COURT:  HAS ANYBODY COERCED YOU IN ANY WAY TO

6  TRY TO GET YOU TO PLEAD GUILTY?

7    THE DEFENDANT:  NO, SIR.

8    THE COURT:  ARE YOU WANTING TO PLEAD GUILTY

9  BECAUSE YOU ARE, IN FACT, GUILTY?

10    THE DEFENDANT:  YES, SIR.

11    THE COURT:  WE HAVE BEEN DOING THIS FOR HOWEVER

12  MANY MINUTES IT'S BEEN, 20, 30 MINUTES, WHATEVER IT'S

13  BEEN.  BUT I WANT YOU TO UNDERSTAND SOMETHING, AND I AM

14  GOING TO TALK TO YOUR LAWYER THEN I AM GOING TO ASK THE

15  GOVERNMENT A QUESTION AND THEN I AM GOING TO COME BACK TO

16  YOU.  BUT I'D LIKE TO GO AHEAD AND ADDRESS THIS WITH YOU

17  SO YOU CAN BE THINKING ABOUT IT.  JUST BECAUSE WE HAVE

18  BEEN DOING THIS, JUST BECAUSE YOU SIGNED THIS DOCUMENT,

19  THE PLEA AGREEMENT AND THE ADVICE OF RIGHTS DOCUMENTS AND

20  JUST BECAUSE WE HAVE DONE ALL THIS UP TO THIS POINT DOES

21  NOT REQUIRE YOU TO PLEAD GUILTY.

22    WHEN I ASK YOU IN A FEW MINUTES HOW YOU PLEAD, IF

23  YOU WANT TO PLEAD NOT GUILTY, YOU CAN PLEAD NOT GUILTY.

24  DO YOU UNDERSTAND ME?

25    THE DEFENDANT:  I DO, SIR.

1           THE COURT:  DO YOU HAVE ANY QUESTIONS THAT YOU

2    WANT TO ASK BEFORE I ASK YOU HOW YOU PLEAD?

3           THE DEFENDANT:  NO, SIR.

4           THE COURT:  HAVE YOU HEARD ANYTHING TODAY THAT

5    CHANGES YOUR MIND ABOUT WHETHER OR NOT YOU WANT TO PLEAD

6    GUILTY?

7           THE DEFENDANT:  NO, SIR.

8           THE COURT:  ALL RIGHT.  LET ME ASK YOUR ATTORNEY,

9    DO YOU KNOW OF ANY REASON I SHOULDN'T ACCEPT A GUILTY PLEA

10   IF YOUR CLIENT OFFERS IT?

11          MR. STURDIVANT:  NO, YOUR HONOR.

12          THE COURT:  I'LL ASK THE GOVERNMENT, DO YOU KNOW

13   ANY REASON I SHOULDN'T ACCEPT THE GUILTY PLEA IF IT'S

14   OFFERED?

15          MR. ENGLAND:  ON BEHALF OF THE GOVERNMENT, NO, I

16   DO NOT.

17          THE COURT:  ALL RIGHT.  MR. JURAVEL, ARE YOU

18   PREPARED FOR ME TO ASK YOU HOW YOU PLEAD?

19          THE DEFENDANT:  YES, SIR.

20          THE COURT:  TO THE CHARGE MADE AGAINST YOU IN

21   COUNTS ONE OF THE INDICTMENT, HOW DO YOU PLEAD?

22          THE DEFENDANT:  GUILTY.

23          THE COURT:  TO THE CHARGE MADE AGAINST YOU IN

24   COUNT TWO OF THE INDICTMENT, HOW DO YOU PLEAD?

25          THE DEFENDANT:  GUILTY.

```
1              THE COURT:  TO THE CHARGES, TO THE EXTENT THAT
2   THEY ARE FORFEITURES OF PROPERTY AS SET FORTH IN COUNT
3   FOUR OF THE INDICTMENT, DO YOU STIPULATE AND AGREE TO
4   THOSE CHARGES?
5              THE DEFENDANT:  YES, SIR.
6              THE COURT:  AND TO THE EXTENT NECESSARY DO YOU
7   PLEAD GUILTY TO THE CHARGE THAT THE FORFEITURE SHOULD
8   OCCUR?
9              THE DEFENDANT:  YES, SIR.
10             THE COURT:  ALL RIGHT.  IT IS THE FINDING OF THIS
11  COURT THAT THE DEFENDANT IS FULLY COMPETENT AND CAPABLE OF
12  ENTERING AN INFORMED PLEA, THAT THE DEFENDANT IS AWARE OF
13  THE NATURE OF THE CHARGES AND THE CONSEQUENCES OF HIS
14  PLEA, AND THAT THE PLEA OF GUILTY IS A KNOWING AND
15  VOLUNTARY PLEA SUPPORTED BY AN INDEPENDENT BASIS IN FACT
16  CONTAINING EACH OF THE ESSENTIAL ELEMENTS OF THE OFFENSES.
17  THE PLEA IS THEREFORE ACCEPTED AND THE DEFENDANT IS NOW
18  ADJUDGED GUILTY OF THOSE OFFENSES.
19             DO YOU HAVE ANY QUESTIONS MR. JURAVEL?
20             THE DEFENDANT:  NO, SIR.
21             THE COURT:  WE WILL SET YOUR SENTENCING DATE.  IT
22  WILL BE 90 DAYS OR SO.  WE DON'T HAVE A DATE YET, I
23  ASSUME.
24             THE CLERK:  NOT YET.
25             THE COURT:  AS SOON AS WE DO KNOW, WE'LL LET YOU
```

```
 1  KNOW.  I AM SURE YOUR FAMILY -- IS THIS YOUR FAMILY THAT'S
 2  WITH YOU?
 3            THE DEFENDANT:  YES, SIR.
 4            THE COURT:  THEY COME FROM ALL OVER, PITTSBURGH,
 5  CLEVELAND?
 6            MR. STURDIVANT:  HIS PARENTS COME FROM
 7  BALTIMORE.
 8            THE COURT:  BALTIMORE?
 9            MR. STURDIVANT:  YES, SIR.
10            THE COURT:  WE'LL LET THEM KNOW AS SOON AS WE CAN
11  WHEN IT'S GOING TO BE IN CASE THEY NEED TO MAKE TRAVEL
12  ARRANGEMENTS.
13            MR. STURDIVANT:  JUDGE, IF I COULD, IN THIS
14  PARTICULAR CASE, THE DEFENSE IS WILLING TO WAIVE THE 35
15  DAY RULE UNDER RULE 32, THE NORMAL REQUIREMENT THAT YOU
16  HAVE THE PRESENTENCE REPORT FOR AT LEAST 35 DAYS.  SO I
17  DON'T KNOW WHETHER THAT WOULD POSSIBLY EXPEDITE THE
18  SENTENCING OR NOT.
19            THE COURT:  IT COULD IF THE PROBATION OFFICE GETS
20  IT DONE.
21            MR. STURDIVANT:  I JUST WANTED TO LET YOU AND THE
22  PROBATION OFFICER KNOW THAT WE ARE PREPARED TO GO.
23            THE COURT:  BEST WAY TO HANDLE THAT, JIM, WOULD
24  BE TO TALK TO THE PROBATION OFFICE.  AND AS SOON AS THEY
25  GET THE REPORT READY, THEY WILL GET WITH MS. ANN THERE, I
```

1    CERTAINLY HAVE NO PROBLEM WITH MOVING IT ALONG AS QUICKLY

2    AS APPROPRIATE.

3              MR. STURDIVANT:  SURE.

4              THE COURT:  I HAVE NO DESIRE TO WAIT 35 DAYS ONCE

5    I GET THE PRESENTENCE INVESTIGATION REPORT.  I MEAN, I DID

6    THE INITIAL RELEASE ISSUES WITH REGARD TO THIS DEFENDANT,

7    SO I ALREADY KNEW SOME OF THE THINGS.

8              MR. STURDIVANT:  YES, SIR.

9              THE COURT:  AND I WILL TELL MY STAFF NOW, I DON'T

10   MIND SETTING IT UP WHEN YOU GET THAT.

11             MR. STURDIVANT:  YES, SIR.  THANK YOU.

12             THE COURT:  ANYTHING ELSE?

13             MR. ENGLAND:  NOTHING FROM THE GOVERNMENT, YOUR

14   HONOR.

15             THE COURT:  HAVE A NICE DAY.

16                     (END OF PROCEEDINGS.)

17

18

19

20

21

22

23

24

25

```
1   ******************************************************
2                   C E R T I F I C A T E
3   ******************************************************
4
5       I HEREBY CERTIFY THAT THE FOREGOING TRANSCRIPT IN THE
6   ABOVE-STYLED CAUSE IS TRUE AND ACCURATE.
7
8   \S\LINDY M. FULLER, RMR, CRR, CBC
9   FEDERAL OFFICIAL COURT REPORTER
10
11  DECEMBER 2, 2007
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```